## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FOWLER PICKERT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-00319-CV-RK |
| | ) | |
| DONALD GLASGOW, ALEX M. AZAR, | ) | |
| AS SECRETARY OF THE UNITED | ) | |
| STATES DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES; | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DISMISSING THE CASE FOR LACK OF JURISDICTION AND DENYING PLAINTIFF'S MOTION FOR INTERPLEADER AND DISCHARGE AS MOOT

Before the Court is Plaintiff Fowler Pickert, LLC's Motion for Interpleader and for Discharge. (Doc. 15.) For the reasons below, the case is **DISMISSED** for lack of jurisdiction, and Plaintiff's motion is **DENIED as moot**.

### Background

The Complaint alleges as follows. Plaintiff is a law firm that represented Defendant Donald Glasgow in a prior personal injury suit. In that suit, Plaintiff alleged he was injured by negligence in the refilling of a prescription. Glasgow obtained a settlement in that lawsuit and also received Medicare benefits to treat the same injuries. The settlement proceeds are now subject to competing claims by Glasgow (Plaintiff's former client) and the Secretary of the U.S. Department of Health and Human Services ("HHS") (the Medicare administrator). Glasgow has challenged HHS's claim to the proceeds through HHS's administrative process, and his appeal of an Administrative Law Judge's decision remains pending.[1]

Plaintiff's Complaint seeks to interplead $80,621.09 of the settlement proceeds into the Court's registry and be discharged from this case under Rule 22 of the Federal Rules of Civil Procedure. (*See generally* Doc. 1.) Regarding the Court's subject-matter jurisdiction, the Complaint alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 on the

---

[1] *See* Appeal Status Information, HHS, *available at* https://dab.efile.hhs.gov/mod/appeals/public_status_result?utf8=%E2%9C%93&case_type=M&case_year=2018&case_seq=M-19-161&alj_appeal_number=1-6966773421&commit=Search (last visited Apr. 23, 2020).

ground that the case arises under the Medicare Act, 42 U.S.C. § 1395, *et seq.*, which, in turn, includes the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b) ("MSPA"). (Doc. 1, Complaint at 2 ¶ 4.)

HHS, in its Answer, opposed Plaintiff's discharge and argued that its claim to the proceeds is for a greater amount. (Doc. 3, Answer at 4-5 ¶ 21.) Regarding jurisdiction, HHS initially agreed that, in addition to having federal question jurisdiction under the Medicare Act, sovereign immunity has been waived under 28 U.S.C. § 2410. (*Id.* at 2-3 ¶ 4.) As discussed below, the Government's position regarding jurisdiction has now changed after further consideration.

Glasgow did not timely answer the Complaint. As a result, HHS moved for a default judgment or issuance of a show-cause order against Glasgow. (Doc. 7.) Plaintiff took no position on HHS's motion. (Doc. 10.) In a prior Order, the Court denied HHS's motion because HHS (a defendant in this interpleader action) does not have a pending claim against Glasgow (also a defendant) and, thus, no basis to assert a default against Glasgow. (Doc. 11 at 2.) In the same Order, the Court also observed that federal question jurisdiction may be lacking, because it appears that judicial review of claims arising under the Medicare Act first requires a final decision from the administrative agency. (*Id.* at 2 (citing 42 U.S.C. §§ 405(h), 405(g), 1395ii, and *Fanning v. United States*, 346 F.3d 386, 395-96 (3d Cir. 2003).)

Accordingly, the Court ordered Plaintiff to (1) show cause why the case should not be dismissed for lack of subject-matter jurisdiction and (2) either show cause why the case should not be dismissed for failure to prosecute or file a motion for interpleader relief and a subsequent motion for default against Glasgow. (*Id.* at 3.) Plaintiff responded to the show-cause Order and also filed a motion for interpleader relief. (Doc. 14; Doc. 15.) HHS has responded to Plaintiff's motion and now argues that Plaintiff has failed to identify a valid basis for waiver of sovereign immunity and that the Court lacks subject-matter jurisdiction. (Doc. 16.) Plaintiff filed a reply, and the motion and pending jurisdictional issues are now ready for decision. (Doc. 18.)

## Discussion

## I.      Sovereign Immunity

The Court agrees with HHS that Plaintiff has failed to invoke any valid basis for waiver of sovereign immunity. "[S]overeign immunity is a threshold jurisdictional matter and a jurisdictional prerequisite." *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 686 (8th Cir. 2011) (quotation marks and citation omitted). "The United States may not be required to

2

interplead when it has not waived its sovereign immunity." 7 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1721 (3d ed. Apr. 2020) (collecting cases).

Plaintiff's Complaint invokes 28 U.S.C. § 2410, which states that "the United States may be named a party in any civil action or suit in any district court, . . . of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(5). Plaintiff contends that HHS has a "Medicare lien" on the settlement proceeds. HHS contends that this is a common misnomer and that it does not have a lien.

The Court agrees with HHS. Prior to the enactment of the MSPA in 1980, Medicare was considered a "primary payer" for all covered medical costs, even when there was an alternative source of payment from insurance companies. *Fanning*, 346 F.3d at 389 n.3. With the enactment of the MSPA, Congress shifted primary responsibility from the Medicare system to alternative payers. *Id.* Medicare payments are now deemed "conditional" and must be repaid if a "primary plan" later pays for the same medical costs. Section 1395y(b)(2)(B)(i), (ii). As a result, the MSPA grants the United States (1) a right to bring a lawsuit to recover payments from a primary plan and (2) a right of subrogation, which allows the United States to stand in the shoes of the Medicare beneficiary against the primary plan. *See id.* § 1395y(b)(2)(B)(ii), (iii), (iv).

This "does not, by itself, establish a lien" for purposes of the sovereign immunity waiver in 28 U.S.C. § 2410. *Nelson v. Medi-Cal*, No. 116CV01328LJOBAM, 2016 WL 8731386, at *2 (E.D. Cal. Nov. 4, 2016). Although lawyers often use the phrase "Medicare lien" in a colloquial sense to refer to HHS's rights under the MSPA, this is not accurate in cases like this, where there is an unresolved dispute about who is entitled to the settlement proceeds.

As the court explained in *Nelson*, tax law provides an analogy. *Id.* Unlike the MSPA, the plain language of the tax code makes abundantly clear that an amount of unpaid taxes "shall be a lien in favor of the United States." 26 U.S.C. § 6321. However, even a tax lien does not arise for purposes of the sovereign immunity waiver in 28 U.S.C. § 2410 "when a taxpayer seeks to challenge the validity of any underlying tax assessment." *Lewis v. Hunt*, 492 F.3d 565, 572 (5th Cir. 2007). That situation is similar to this case. Here, there is an unresolved dispute between Glasgow and the United States about who is entitled to the settlement proceeds. As a result, the United States does not have or claim a lien for purposes of § 2410. Accordingly, Plaintiff has not established a sovereign immunity waiver, and the case must be dismissed for this reason.

3

## II.    Subject-Matter Jurisdiction

Even if Plaintiff had established a valid waiver of sovereign immunity, the case would still need to be dismissed for lack of subject-matter jurisdiction.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h).

Rule 22 alone "does not provide an independent basis for jurisdiction." *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 976 (8th Cir. 2016).  Plaintiff does not attempt to invoke the federal interpleader statute, 28 U.S.C. § 1335, which requires minimal diversity of citizenship.  *See Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (stating that the United States is not a citizen for diversity purposes and that federal agencies cannot be sued in diversity under 28 U.S.C. § 1335).  As a result, there must be some other statutory basis for the Court's subject-matter jurisdiction, such as federal-question jurisdiction under 28 U.S.C. § 1331.

The Complaint asserts that the Court has federal-question jurisdiction because the case arises under the Medicare Act.  However, the Medicare Act provides that no action "shall be brought under section 1331 . . . to recover on any claim arising under" the Medicare Act. 42 U.S.C. §§ 405(h), 1395ii.  These provisions "demand[] the 'channeling' of virtually all legal attacks through the agency."  *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000).  In turn, § 405(g)—which provides for judicial review of administrative decisions—"to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all claims arising under the Medicare Act."  *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (cleaned up).  The "claim arising under language" has been broadly construed "to include any claims in which both the standing and the substantive basis for the presentation of the claims" is the Medicare Act.  *Fanning*, 346 F.3d at 396 (cleaned up).

The present interpleader action falls squarely within this channeling requirement.  The dispute between Glasgow and HHS is about whether HHS has a right to the settlement proceeds under the MSPA.  In order to adjudicate that dispute, the Court would need to resolve the same questions that are currently before the administrative agency.  This is the type of action that § 405 requires channeling through the administrative process.  *See Nelson*, 2016 WL 8731386, at *2 (the court lacked subject-matter jurisdiction over an interpleader case involving a dispute under the MSPA due to the channeling requirement).

4

Plaintiff argues that the case fits a narrow "*Michigan Academy*" exception to the channeling requirement recognized in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986), and discussed in *Haro v. Sebelius*, 747 F.3d 1099 (9th Cir. 2014). The *Michigan Academy* exception applies only when § 405(h) "would not simply channel review through the agency, but would mean no review at all." *Shalala*, 529 U.S. at 19. In *Haro*, the Ninth Circuit held that the *Michigan Academy* exception applied to a lawyer's request for declaratory and injunctive relief challenging HHS's practice of instructing him not to disburse settlement proceeds until after HHS had been reimbursed and warning him that he would be personally liable if he did. 747 F.3d at 1107, 1114-15. According to the Ninth Circuit, the *Michigan Academy* exception applied because, unlike the Medicare beneficiaries who also asserted claims in the case, the lawyer had no avenue to pursue administrative remedies and judicial review for his claim. *Id.* at 1114-15.

This case is different from *Haro*. Plaintiff claims to have no dispute with HHS. Unlike the lawyer in *Haro*, Plaintiff is not attempting to challenge HHS's implementation of the Medicare Act or any of HHS's regulations or operating procedures. Plaintiff simply seeks to deposit the settlement proceeds held in its trust account and be discharged of liability. In its Answer, HHS has claimed it is entitled to at least this amount of funds. Over this amount, there is no dispute between Plaintiff and HHS that needs overseeing; no adjudicative "review" to be done; no "channeling" to be avoided under *Michigan Academy* and *Haro*.

Plaintiff suggests there actually is a live dispute because HHS claims to be entitled to more from Plaintiff than the $80,621.09 it seeks to interplead. While there appears to be a dispute between Plaintiff and HHS on this point, this does not mean the Court has subject-matter jurisdiction over the case. Plaintiff's action is for interpleader. Unlike the lawyer in *Haro* who simply sought declaratory and injunctive relief, Plaintiff seeks to deposit funds into this Court's registry through interpleader and have the Court distribute them. This necessarily assumes the Court would have subject-matter jurisdiction to determine how the funds should be distributed between Glasgow and HHS. As discussed above, the pending dispute on that issue between Glasgow and HHS must be channeled through the administrative process. Accordingly, the Court lacks subject-matter jurisdiction over this interpleader action.

**Conclusion**

Plaintiff has not established a valid waiver of sovereign immunity, and the Court lacks subject-matter jurisdiction. Accordingly, this case is **DISMISSED**, and Plaintiff's motion (Doc. 15) is **DENIED as moot**.

The Court directs the Clerk's office to mail a copy of this Order to Defendant Donald Glasgow at his last known address:

Donald Glasgow
1765 Chatsworth Street N
Saint Paul, MN 55113

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 23, 2020

6